## MAGEE *v.* GENESEO ACADEMY.

(*Supreme Court, General Term, Fifth Department.* June, 1888.)

CHARITIES—CHARITABLE CORPORATIONS—ABANDONMENT OF OBJECTS—RIGHTS OF SUBSCRIBERS BEFORE DISSOLUTION.

One who, together with others, had subscribed to a fund for the endowment of an academy, and to enable it to carry out the purpose of its incorporation, cannot maintain an action against it to recover the amount of the subscription now in the hands of the trustees, on the ground that it has long since ceased to exist for educational purposes; the corporation not having been dissolved, and there being outstanding debts.

Appeal from special term, Livingstone county.

This is an appeal from an interlocutory judgment entered upon a decision rendered at the Livingstone special term. The defendant was incorporated by a special act of the legislature in 1827 (chapter 64) entitled "An act to incorporate the stockholders of the Livingstone County High-School Association." In 1846 the corporate name was changed to "The Geneseo Academy." William Wadsworth and others named in the act were incorporated for the purpose of establishing a literary institution at Geneseo, which should combine classical instruction with instruction in the useful arts and sciences; and they and their successors were to have perpetual succession, and were given the power and right to purchase and hold "any real or personal estate" for the purposes aforesaid, not exceeding in value the sum of $25,000. The capital stock of the corporation was not to exceed $25,000, which was to be divided into shares of $25 each, and the same was to be deemed personal property, and transferable. The affairs of the corporation were to be managed by 16 trustees, to be chosen by the stockholders annually. The charter contained the further provision that, in case the stockholders neglected to choose trustees on the day appointed for that purpose, the said corporation should not thereby be dissolved, but in such case the trustees then in office should hold over until others were elected in their place. In 1859 the academy was not in a flourishing condition, and was financially embarrassed, and its friends held a meeting, in which they passed a resolution to secure the sum of $20,000,

for the purpose of creating a permanent endowment fund for the academy of not less than $10,000, and the residue to be used in erecting suitable buildings, and in making permanent improvements upon the academy premises. A subscription paper was prepared and circulated, containing, in substance, in the form of recitals, the facts just stated, and concluded in these words: "Therefore, in consideration of the premises, and upon condition that at least $15,000 shall be secured, and in consideration thereof, the undersigned respectively agree to pay and secure to the Geneseo academy, for the purposes aforesaid, the sums set opposite our names, the same to be paid or secured to the satisfaction of the chairman of the finance committee." The sum of $15,000 and upward was subscribed, the plaintiff's subscription being $200, which he paid. Part of the money realized from the subscriptions was used in improving the academy buildings, and there remains in the hands of the trustees of the sums so subscribed, $7,675 in cash, or in good available security. All the real estate has been sold, and there are outstanding debts against the corporation. It is found, as a fact, that the trustees do not contemplate the resumption of instruction under the act of incorporation, for the reason that other existing educational institutions in the immediate locality preclude any reasonable probability of the resumption of the functions of the Geneseo academy for educational purposes. There has been no election of trustees since the year 1871, nor any school maintained since 1874; but the board of trustees last elected have managed and controlled the said fund, and paid out the interest received annually upon the outstanding indebtedness. No proceedings have ever been instituted, in any form, to have the corporation declared dissolved.

Argued before BARKER, P. J., and HAIGHT, BRADLEY, and DWIGHT, JJ. *John R. Strang,* for appellant. *James Wood,* for respondent.

BARKER, P. J., (*after stating the facts as above.*) This corporation has not been dissolved. Its legal existence continues, although it has ceased to exist for all educational purposes, and no longer exercises the power conferred by its charter. A corporation may be dissolved by the surrender of its charter, and its acceptance by the state, but it cannot be held to be actually dissolved until so adjudged and determined. either by judicial sentence or sovereign power. *Kincaid* v. *Dwinelle,* 59 N. Y. 548; *Stone* v. *Framingham,* 109 Mass. 303; *Denike* v. *Lime Co.,* 80 N. Y. 599. This defendant has never been called upon, at any time or place, to defend its corporate life. The prosecution of this action against it as sole defendant by a private individual for the purpose of reaching money and assets in the hands of its officers, and seeking no other relief, is an admission of its continued lawful existence. The finding of the trial court that the trustees do not contemplate the resumption of instruction under the provisions of the act of incorporation, and that there is no reasonable probability of the resumption of its educational functions, may be sufficient reasons for dissolving the corporation by the judgment of a court having jurisdiction, in the mode and manner provided by statute. It does not follow that a corporation is dissolved by a sale of its visible and tangible property for the payment of its debts, and by the temporary suspension of its business, so long as it has the moral and legal capacity to increase its subscriptions, call in more capital, and resume its business. *Philips* v. *Wickham,* 1 Paige, 590; *Brinckerhoff* v. *Brown,* 7 Johns. Ch. 217; Ang. & A. Corp. (3d Ed.) 739. It is a general rule that a cause of forfeiture cannot be taken advantage of, or enforced against a corporation collaterally or incidentally, or in any other mode, than by a direct proceeding for that purpose against the corporation, so that it may have an opportunity to answer and defend. In this state a court of equity has not, by virtue of its general inherent powers, the right to dissolve a corporation, but such power is entirely statutory, and can only be exercised in a manner sanctioned by the legislature.

The fact that the corporation has not been dissolved constitutes a perfect defense to this action. *Heath* v. *Barmore,* 50 N. Y. 302. The purpose of this action is to secure a distribution among the subscribers of so much of the endowment fund as now remains in the hands of the trustees of the corporation. The plaintiff's contention is that the endowment fund was created and paid over to the academy for a specific use, to enable the corporation to carry out the purpose of its organization; that is, to give classical instruction, together with instruction in the useful arts and sciences, as provided by the charter; and when the fund ceased to be used by the corporation for that purpose, or whenever it became practically or actually dissolved, the fund reverted to the subscribers. The special term concurred in that view of the case, and adjudged and determined that the trustees hold the moneys and securities of the endowment fund now remaining in their hands in trust for the persons who subscribed and contributed to the same, and has directed the paying over and distribution of the fund among such subscribers, when ascertained, in the mode and manner indicated by the interlocutory decree. The defendant's position is that the corporation is the absolute owner of all the property of the corporation, including the endowment fund, and it asked the trial court to order a distribution of the same among the stockholders after the payment of all the indebtedness. It is not appropriate, in our judgment, in this action to determine these questions, and all discussions of the same may be properly postponed until the matter is brought before some court which has jurisdiction to dissolve the corporation, and adjudicate the right of the creditors, the stockholders, and the subscribers, to the endowment fund. In proceedings conducted under the provisions of the statutes relative to this subject, all interested parties will have opportunity to be heard, and protect their rights and interests. If the decree is confirmed, then the creditors are cut off without a hearing, as well as the stockholders, who have not as yet had their day in court. If the decree should be modified so as to carry out the views of the defendant, then the fund would be distributed to and among the creditors and stockholders without any of the subscribers to the fund being heard, except the plaintiff. The interlocutory decree is reversed, and a new trial granted, costs to abide the final award of costs.

All concur.